MARK A. KLAASSEN
United States Attorney
NICHOLAS VASSALLO (WY Bar #5-2443)
Assistant United States Attorney
United States Attorney's Office
P.O. Box 668
Cheyenne, WY 82003-0668
Telephone: 307-772-2124
nick.vassallo@usdoj.gov

MICHAEL J. ROESSNER (DC Bar# 501875)
Email: Roessnerm@sec.gov
Attorney for Plaintiff
Assistant Chief Litigation Counsel
Division of Enforcement
Securities and Exchange Commission
100 F. Street NE, Mail Stop 5631
Washington, D.C. 20549
Telephone: (202) 551-4347
Facsimile: (703) 813-9366

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>  v.<br><br>BRUCE A. HAUPTMAN and GRAND TETON CAPITAL MANAGEMENT, LLC,<br><br>    Defendants. | Civil Action No. 19CV177-F |

**COMPLAINT TO REQUIRE BRUCE A. HAUPTMAN AND GRAND TETON CAPITAL MANAGEMENT, LLC TO COMPLY WITH SECURITIES AND EXCHANGE COMMISSION ORDER**

The Plaintiff Securities and Exchange Commission (the "Commission") respectfully applies to the Court for a judgment pursuant to Section 209(d) of the Investment Advisers Act of

1940 ("Advisers Act"), 15 U.S.C. § 80b-9(d) and Section 42(d) of the Investment Company Act of 1940 ("Investment Company Act"), 15 U.S.C. § 80a-41(d), enforcing compliance by the Defendants Bruce A. Hauptman ("Hauptman") and Grand Teton Capital Management, LLC ("Grand Teton") with a final Commission Order entered against them on June 29, 2018 (the "Commission Order"), directing Hauptman and Grand Teton to jointly and severally disgorge $121,026.49 and prejudgment interest of $20,413.35, plus outstanding interest pursuant to SEC Rule of Practice 600, 17 C.F.R. § 201.600, and Hauptman to pay a civil money penalty of $160,000, plus outstanding interest pursuant to 31 U.S.C. § 3717, and injunctive relief within ten (10) days from the date of the Commission Order.

In support, the Commission states as follows:

## INTRODUCTION

1. The Commission found, on their offer of settlement, that Hauptman and Grand Teton had violated Sections 206(1) and 206(2) of the Advisers Act, which prohibit fraudulent conduct by an investment adviser, Section 206(4) of the Advisers Act and Rules 206(4)-8(a)(1) and (a)(2) promulgated thereunder, which make it unlawful for any investment adviser to a pooled investment vehicle to "[m]ake any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle" or "engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle," and Section 207 of the Advisers Act, which makes it "unlawful for any person willfully to make any untrue statement of a material fact in any registration application or report filed with

the Commission ... or willfully to omit to state in any such application or report any material fact which is required to be stated therein."

2. The Commission seeks by this action to compel Hauptman and Grand Teton to comply with the Commission Order.

## PARTIES

3. The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

4. Bruce A. Hauptman, age 67, is a resident of Wilson, Wyoming and upon information and belief currently incarcerated in Iowa.

5. Grand Teton Capital Management, LLC is a Wyoming limited liability company with its principal place of business in Wilson, Wyoming.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under Section 209(d) of the Advisers Act and Section 42(d) of the Investment Company Act.

7. Venue lies in the District of Wyoming under Section 214(a) of the Advisers Act and Section 44 of the Investment Company Act. Defendants are "found" or are "inhabitants" of this District.

## STATEMENT OF RELEVANT FACTS

8. The Commission Order arose from the misuse and misappropriation of private fund assets by Bruce Hauptman and an investment adviser he owned and controlled, GTCM. In 2011, Hauptman solicited at least $625,000 from investors for a fund he managed, Grand Teton Capital Partners, LP (the "Fund"). Hauptman actively managed the Fund through GTCM for approximately one-and-a-half years. In the spring of 2013, after a long period of disappointing

performance, Hauptman—without notifying investors—began liquidating the remaining Fund assets (approximately $435,050). Hauptman misappropriated at least $100,000 of Fund assets by transferring money to his wife's personal bank account, and used another approximately $20,000 to pay various personal expenses. Hauptman also misused Fund assets by transferring approximately $313,500 to various private entities (possibly associated with an advance-fee scheme) in contravention of the investments allowed by the Fund's governing documents. In total, by October 2013, Hauptman had withdrawn all Fund assets and transferred the monies either to his wife or to third parties unaffiliated with the Fund. In May, 2015, Hauptman paid $27,541.49 to one investor that had originally invested $25,000 with the Fund. No other portion of the funds has been recovered or repaid to the Fund or its investors.

9. Based on the foregoing, Defendants violated Sections 206(1), 206(2) and 207 of the Advisers Act, and Rules 206(4)-8(a)(1) and (a)(2) promulgated thereunder.

10. As set forth in the Commission Order, entered with Defendants' consent, the Commission imposed certain remedial sanctions and a cease-and-desist order. The Commission Order required Hauptman and GTCM to jointly and severally disgorge $121,026.49 and prejudgment interest of $20,413.35, plus outstanding interest pursuant to SEC Rule of Practice 600, 17 C.F.R. § 201.600, and Hauptman to pay a civil money penalty of $160,000, plus outstanding interest pursuant to 31 U.S.C. § 3717, and injunctive relief within ten (10) days from the date of the Commission Order, and also included injunctive relief.

11. The Commission also entered the following injunctive relief: ordering Defendants to cease and desist from committing or causing any violations and any future violations of Sections 206(1), 206(2) , and 206(4) and Section 207 of the Advisers Act, and Rules 206(4)-8(a)(1) and (a)(2) promulgated thereunder; and barring Hauptman from association with any broker, dealer,

investment adviser, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization; and prohibiting Hauptman from serving or acting as an employee, officer, director, member of an advisory board, investment adviser or depositor or, or principal underwriter for, a registered investment company or affiliated person of such investment adviser, or depositor, or principal underwriter; and censuring GTCM.

12. Defendants did not seek review of the Commission Order, and their time to do so has expired.

13. Defendants have not made any payment on the Commission Order, which remains due and owning with additional interest.

## CLAIM FOR RELIEF

14. Section 209(d) of the Advisers Act, 15 U.S.C. § 80b-9(d), provides, in part:

> Whenever it shall appear to the Commission that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of ... any ... order hereunder, ... it may in its discretion bring an action in the proper district court of the United States, ... to enforce compliance with ... any ... order hereunder.

15. The Commission may bring such a proceeding to compel compliance with an order it has entered. *Fiero v. FinanczalIndustry KegulatoryAuthority, Inc.*, 660 F.3d 569, 575 (2d Cir. 2011); *SEC v. Vittor*, 323 F.3d 930, 935 (11tht Cir. 2003), *citing Lang v. French*, 154 F.3d 217 (5th Cir. 1998).

16. In such proceedings Hauptman and Grand Teton may not challenge the validity of the order the Commission seeks to enforce in such proceedings. *SEC v. Gerasimowicz*, 9 F. Supp.3d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). "By the time a § 21(e)( 1) [the provision relating to the Exchange Act] application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been

exhausted; all that is left to do is enforce the order." *SEC v. McCarthy*, 322 F.3d 650, 658 (9th' Cir. 2003).

WHEREFORE, the Commission respectfully requests that the Court enter a judgment:

I.

Enforcing the Commission Order as to Hauptman and Grand Teton.

II.

Entering a Judgment requiring:

a. Hauptman and GTCM to jointly and severally disgorge $121,026.49 and prejudgment interest of $20,413.35, plus outstanding interest pursuant to SEC Rule of Practice 600, 17 C.F.R. § 201.600, and Hauptman to pay a civil money penalty of $160,000, plus outstanding interest pursuant to 31 U.S.C. § 3717, and injunctive relief within ten (10) days from the date of the Consent Order; and

b. the Injunctive Relief set forth in the Order.

III.

That the Court order such other relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

IV.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

V.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

VI.

That the Court order such other and further relief as may be just and proper.

Dated:  August 22, 2019

BY: _____

MICHAEL J. ROESSNER (DC Bar No. 501875)
Assistant Chief Litigation Counsel
Division of Enforcement
United States Securities and Exchange Commission
100 F Street, NE
Mail Stop 5985
Washington, DC 20549-0022
RoessnerM@SEC.gov
Telephone:    202.551.4347
Facsimile:    703.813.9366
Attorney for Plaintiff/Judgment Creditor
United States Securities and Exchange Commission
*Pro Hace Vice Pending*


MARK A. KLAASSEN
United States Attorney

BY: _____

NICHOLAS VASSALLO (WY Bar No. 5-2443)
Assistant United States Attorney
United States Attorney's Office
P.O. Box 668
Cheyenne, WY 82003-0668
Telephone: 307-772-2124
nick.vassallo@usdoj.gov